■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RANDALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered July 18, 1988, convicting him of criminal possession

of a controlled substance in the third degree, assault in the second degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review of denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was illegally approached on the street by the police. "The minimal intrusion of approaching to request information is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality" *(People v De Bour,* 40 NY2d 210, 223; *see, People v Hall,* 152 AD2d 905, *affd* 75 NY2d 826). The defendant matched the description of a burglary suspect the police sought and was in the area where the suspect was said to have been. Under the circumstances, the police, believing the defendant to be the suspect, were entitled to call out the suspect's name and approach the defendant *(see, People v Leung,* 68 NY2d 734; *People v Carrasquillo,* 54 NY2d 248). When the defendant responded by dropping plastic bags appearing to contain cocaine, there was probable cause to effect his arrest *(see, People v Leung, supra; People v Elliot,* 162 AD2d 609; *People v Hall, supra).*

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.