■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLASCO WRIGHT, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered April 17, 1990, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to two consecutive indeterminate terms of imprisonment of 25 years to life, unanimously affirmed.

Defendant was convicted of killing his grandfather's former wife and her boyfriend. Seventeen months after the victims had disappeared, and thirteen months after their charred remains were exhumed and identified, defendant was arrested

in Albany for possessing cocaine. During processing of his arrest, defendant said that a homicide charge against him had been dropped. He also claimed that he had killed two people in New York.

On appeal, defendant argues that his statement should have been suppressed because he was illegally arrested. Defendant claims that the arresting officer's testimony that he saw defendant drop two bags of cocaine to the ground was incredible.

However defendant's challenge to the hearing court's findings of fact is unsupported by the record. He identifies no testimony that is inconsistent, contrary to reason, or implausible. Thus, we find no basis to conclude that the officer's testimony was incredible or tailored. *(People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786.)* Defendant argues that the officer gave classic manufactured testimony, but the officer's account does not run counter to reason. *(See, People v Quinones,* 61 AD2d 765.)

During cross-examination, a long time friend of the victims testified that someone had told her that one of them owned a gun. The court, however, did not let defense counsel pursue the matter, and defendant now claims that his fundamental right to present a defense was violated. The claim, however, is not preserved *(People v Gonzalez,* 54 NY2d 729), and were we to consider it in the interest of justice, we would find it lacks merit. The court did not abuse its broad discretion in controlling the nature and extent of cross-examination. *(People v Davis,* 43 NY2d 17, *cert denied* 435 US 998, *cert denied sub nom. New York v James,* 438 US 914.) Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.