■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered September 28, 1988, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of jury selection the prosecutor made a *Batson* claim *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, 649-650, *cert denied* — US —, 111 S Ct 77), alleging that the defendant had exercised his peremptory challenges to purposefully exclude white jurors. Of his 13 peremptory challenges, the defendant, who is black, had exercised 11 to excuse white potential jurors. Contrary to the defendant's contention, we find that the prosecutor established a prima facie case of discrimination and that the court properly required the defense counsel to articulate race-neutral explanations for the challenges *(see, People v Kern, supra; People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 111 S Ct 1859). The trial court thereafter determined that the defense counsel's explanations were inadequate with respect to two challenged jurors and ordered them seated over the defendant's objection.

On appeal, the defendant only contests the court's finding with respect to one of these two jurors. We decline to disturb the court's finding that the explanation offered for the challenge to that juror was not race neutral. It is for the trial court to determine if the explanation was a mere pretext, and the resolution of this issue by the trial court is entitled to great deference *(see, People v Hernandez, supra).* Accordingly, we find that the court did not err in seating these two jurors over the defendant's objection *(see, People v Kern, supra).*

After the prosecutor made her *Batson* application, the defense counsel claimed that, since the prosecutor had challenged only 2 of the 17 white potential jurors, "obviously they want a pure white jury". When offered the opportunity to make a *Batson* application, the defense counsel merely repeated the claim that the prosecutor's challenge of only two white jurors indicated that the People wanted an all-white jury. We therefore find that the court properly determined that the defendant failed to establish a prima facie case of discrimination by the People *(see, People v Hernandez, supra)*. The argument now raised on appeal that the prosecutor violated *Batson* by purposefully excluding black jurors is unpreserved for our review. The defendant did not request that the prosecutor offer race-neutral explanations for her challenges to black jurors, he did not press the issue further by requesting a ruling, nor did he move for a mistrial *(see, People v Rosado,* 166 AD2d 544).

We further find that the trial court did not improvidently exercise its discretion by denying the defendant's application to relieve assigned counsel. While the trial court is under a continuing duty to carefully evaluate complaints about assigned counsel to ensure that the defendant is receiving effective assistance of counsel, the defendant failed to show good cause to justify substitution of counsel *(see, People v Sides,* 75 NY2d 822; *People v Peterkin,* 133 AD2d 472).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.