■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BOONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 19, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was observed by the arresting police officer in what appeared to be a narcotics transaction. When the officer and his partner approached him, the defendant dropped a brown paper bag containing eight glassine envelopes. As his partner picked up the bag, the arresting officer stopped the defendant. At this point, the defendant raised his arms and dropped two additional glassine envelopes.

We agree with the hearing court that the police had a reasonable suspicion that the defendant was involved in a felony or misdemeanor justifying an investigatory stop which ripened into probable cause to arrest (see, People v Hollman, 79 NY2d 181). The hearing court's determinations as to credibility are afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (see, People v Prochilo, 41 NY2d 759; People v Almodovar, 168 AD2d 454). Contrary to the defendant's contention, the arresting officer's testimony regarding his observation of the narcotics transaction was not incredible as a matter of law. In addition, we note that the defendant abandoned the paper bag when he dropped it prior to being stopped by the police (see, People v Aybar, 162 AD2d 283; People v Williams, 123 AD2d 652).

We have considered the defendant's remaining contentions

and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.