■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH YARBROUGH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 13, 1989, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied

that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

After the first round of jury selection, the defendant, who is black, exercised eight peremptory challenges. All eight of those peremptory challenges were exercised against white prospective jurors. At this point, the prosecutor alleged that the defendant had exercised his peremptory challenges to purposefully exclude white jurors. The trial court then required the defense counsel to articulate race-neutral explanations for the challenges *(see, Georgia v McCollum,* 505 US —, 120 L Ed 2d 33). It thereafter determined that the defense counsel's explanations were inadequate with respect to four challenged jurors and ordered them seated over the defendant's objection. We decline to disturb the court's finding that the explanations offered for the challenges to those jurors were not race-neutral. It is for the trial court to determine if the explanations were a mere pretext, and the resolution of this issue by the trial court is entitled to great deference *(see, People v Hernandez,* 75 NY2d 350; *People v Kern,* 75 NY2d 638; *People v Green,* 181 AD2d 693).

The defendant's claim that the sentence imposed by the court impermissibly penalized him for exercising his right to go to trial is unavailing. There is absolutely no evidence in the record to support this assertion *(see, People v Aguilera,* 156 AD2d 698, 700). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.