■ In the Matter of MARK S., a Person Alleged to be a Juvenile Delinquent, Appellant. [595 NYS2d 533] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (DePhillips, J.), dated November 22, 1991, which, upon a fact-finding order of the same court, dated May 24, 1991, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's sole contention on appeal is that arresting officer's testimony was incredible and unworthy of belief. The officer had testified that as he had approached the appellant to ask him some questions, he saw the appellant drop two vials of crack cocaine. However, it is well settled that the determination of the hearing court, with its advantage of having seen and heard the witnesses, should be accorded great weight and should not be disturbed if it is supported by the record *(see, Matter of William T.,* 182 AD2d 766; *Matter of Judah J.,* 182 AD2d 621). We cannot say that the officer's testimony is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Garafolo,* 44 AD2d 86, 88; *see also, People v Boone,* 183 AD2d 721; *People v Wright,* 176 AD2d 473; *People v Randall,* 175 AD2d 142; *People v Charriez,* 174 AD2d 380). Accordingly, the appellant's contention must be rejected. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.