THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH REECE, Appellant. [612 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered June 19, 1989, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, *inter alia,* of several crimes based upon criminal possession and sale of controlled substances. The convictions arose out of a police raid on a drug location in Brooklyn which resulted from an undercover "buy and bust" operation. Prior to taking an undercover police officer's testimony at the trial, a hearing was held pursuant to *People v Hinton* (31 NY2d 71) to determine whether the closure of the courtroom during that testimony was appropriate.

At the hearing, the undercover officer testified that he had been engaged in undercover work for 17 or 18 months, and continued to be so engaged at the time of trial. He was not involved in any long-term investigation, but continued to testify before the Grand Jury several times a week. In fact, the undercover officer indicated that he had testified before the Grand Jury on the morning of the trial. Furthermore, the officer indicated that he had been threatened numerous times, and that his safety would be in jeopardy if his true identity were publicly revealed. At the conclusion of the hearing, the trial court directed the closure of the courtroom during the officer's testimony.

The defendant contends that he was denied his right to a public trial *(see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) when the trial court directed the temporary closure of the courtroom. We disagree. Rather than consisting merely of " 'unparticularized impressions of the vicissitudes of undercover work in general' *([People v] Jones,*

47 NY2d, at 415)" *(People v Martinez,* 82 NY2d 436, 443), the undercover officer's testimony contained particularized references to the work he had been doing and would continue to do, including references to the existence of open cases, to threats against his safety that he had received while doing undercover work, and to the very real danger that those threats might be realized if his identity were to become public *(see, People v Pearson,* 82 NY2d 436, 443). Based upon that testimony, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officer's testimony *(cf., People v Martinez, supra,* at 441).

Also without merit is the defendant's contention that he was denied the effective assistance of counsel. The record does not support the defendant's assertion that his attorney permitted himself to be intimidated by the prosecutor. The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that the attorney provided the defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.