■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT TAYLOR, Appellant. [617 NYS2d 536] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 24, 1991, convicting him of criminal possession of a weapon in the fourth degree, unlawful imprisonment in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that the trial court erroneously determined that the defense counsel had purposely discriminated against a prospective white juror despite the defense counsel's articulation of non-pretextual, racially-neutral reasons for his challenge. There is a rational basis for the suspicion that a crime victim might be less sympathetic to an accused criminal than would a person who has never been victimized by crime (see, People v Dixon, 202 AD2d 12). Challenges by the defendant ostensibly based on victimization status are, in other words, not pretextual on their face, and they should not be found to be pretextual in the absence of evidence that they are being applied in a discriminatory manner (see, People v Dixon, supra). While it is true that in this case, all those venirepersons who were excused due to their victimization status were white, there is simply no evidence in the record that there were black venirepersons who had similarly been victimized but not excused. The evidence presented in this case is therefore insufficient to establish that a discriminatory pattern existed. Accordingly, the victimization status of a juror should not have been found to be a mere pretext offered in an attempt to conceal a racially discriminatory intent.

For the foregoing reasons, the defendant was deprived of his statutory right to exercise peremptory challenges, and a new trial is warranted. Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.