■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HILL, Appellant. [618 NYS2d 464] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered July 9, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not deprive the defendant of his right to a public trial when it closed the courtroom during the undercover police officers' testimony. At the Hinton hearings (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911), the undercover officers' testimony contained particularized references to the work the officers had been doing and would continue to do, including references to the existence of open cases, to numerous threats against their safety that they had received while doing undercover work, and to the very real danger that those threats might be realized if their identities were to become public (see, People v Martinez, 82 NY2d 436, 443; People v Reece, 204 AD2d 495). A further link had been made between each officer's fear for his safety and his open-court testimony by virtue of the site of the defendant's trial, in which approximately 100 other drug cases were then pending. Based on these factors, the trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officers' testimony (see, People v Reece, supra;

*cf., People v Martinez,* 82 NY2d 436, 443, *supra).* Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.