▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSS, Appellant. [619 NYS2d 580] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered July 6, 1989, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing (Rienzi, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's claim that he has automatic standing to contest the lawfulness of the search of the apartment and the seizure of the narcotics and sawed-off rifle is raised for the first time on appeal and thus is not preserved for appellate review *(see, People v Cofresi,* 60 NY2d 728, 730).

"Viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom" *(People v Giuliano,* 65 NY2d 766, 768), we find that the circumstantial evidence adduced at the trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Chalmars,* 176 AD2d 239). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The trial court did not improvidently exercise its discretion in closing the courtroom during the undercover officer's testimony *(see, People v Martinez,* 82 NY2d 436, 443; *People v Reece,* 204 AD2d 495).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Freidmann and Krausman, JJ., concur.