■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JUPITER, Appellant. [620 NYS2d 426] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered September 29, 1992, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitu-

tional and statutory right to be present during a side-bar voir dire of two prospective jurors regarding their knowledge of the events, witnesses, and attorneys involved in the case *(see, People v Sloan,* 79 NY2d 386). At the outset, we note that the Court of Appeals has recently held that the right to be present at a side-bar voir dire is statutory and not constitutional in nature *(see, People v Sprowal,* 84 NY2d 113). Thus, to the extent the defendant argues that his constitutional rights were violated, that contention is without merit.

As to the first side-bar, a prospective juror approached the Bench when the potential jurors were asked whether they knew the defendant, defense counsel, or the prosecutor. An off-the-record discussion was held with counsel present. It is apparent from the record that this venireperson was reseated in the jury box and subsequently responded in open court, during the court's voir dire, "like I stated, I know the defense attorney". The venireperson was peremptorily challenged by the prosecutor in the defendant's presence and was dismissed. Under the circumstances, where the substance of the side-bar conference was subsequently disclosed in the defendant's presence and the venireperson was peremptorily challenged, the defendant's presence at the side-bar inquiry would not have contributed to the proceeding and his absence did not have a substantial effect on his ability to defend *(see, People v Mills,* 200 AD2d 771; *People v Sprowal, supra; People v Sloan, supra).*

As to the second side-bar voir dire, the prospective juror was excused without objection by defense counsel after an off-the-record discussion with the attorneys present. Unlike the situation with the other venireperson, there is no indication in the record of the substance of the discussion with this juror. The record is insufficient to permit appellate review and we decline to remit the case to the Supreme Court, Kings County, for a reconstruction hearing *(see, People v Neal,* 205 AD2d 711; *People v Kinchen,* 60 NY2d 772).

The defendant further contends that he was denied the right to a trial by a jury of his choice when the Supreme Court rejected two of his peremptory challenges and seated the individuals as a juror and an alternate juror over his objection. During the fourth round of jury selection, defense counsel exercised his remaining two peremptory challenges against two white individuals. The prosecutor raised a *Batson* claim because defense counsel had used 13 of his 15 challenges to exclude whites *(see, Batson v Kentucky,* 476 US 79). After initially attempting to justify his challenges as "simply a matter of statistics", defense counsel conceded that the People

had established a pattern of discrimination and the court requested an explanation for the challenges.

During the court's voir dire of the first prospective juror, she had indicated that her brother worked for the Drug Enforcement Administration. Defense counsel did not question her about her brother's employment. According to defense counsel, he was under the mistaken impression that her brother was an Assistant District Attorney, but when he finally realized that the brother was "a DEA agent" and that he had not questioned her in that regard, he decided to exercise a peremptory challenge. The prosecutor requested clarification as to why defense counsel did not question her about any bias she may have had when he thought her brother was an Assistant District Attorney, but would have questioned her if he had realized her brother was with the Drug Enforcement Administration. Instead of giving an explanation, defense counsel stated that the prospective juror had been the victim of a burglary.

Counsel gave several different reasons for challenging the second prospective juror. Initially, he indicated that the challenge was based on consultation with his client. After the court pointed out that neither a defendant nor defense counsel is entitled to exercise peremptory challenges on the basis of race, counsel stated, "it's not so much as racially motivated as it is based upon [the prospective juror's] contacts with neighborhoods in Brooklyn. He does live in Brooklyn Heights. In that manner, it worries the Defense that he may not have— Could I have a moment, your Honor?" After a pause and a comment by the prosecutor, defense counsel then offered as an explanation the fact that this second prospective juror had also been the victim of a burglary.

The court noted that the burglary had occurred some 15 years earlier and the prospective juror had indicated that it would not affect his ability to be fair and impartial. The court rejected both of the defendant's peremptory challenges, finding that counsel had failed to proffer adequate racially-neutral explanations.

A defendant may not exercise peremptory challenges to exclude persons of a particular race from serving on a jury (see, People v Kern, 75 NY2d 638, cert denied 498 US 824; People v Mondello, 191 AD2d 462). Here, the People established a prima facie case of discrimination and, in fact, defense counsel conceded that a pattern of using peremptory challenges against whites had been demonstrated (see, People v Green, 181 AD2d 693). Defense counsel was therefore re-

434

quired to provide nonpretextual, racially-neutral explanations for his challenges *(see, People v Kern, supra,* 75 NY2d, at 657-658).

Although not entirely insulated from review, the determination of whether an explanation is merely pretextual is generally a matter for the Trial Judge, whose findings are entitled to great deference *(see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *People v Mondello, supra,* at 463; *People v Green,* 181 AD2d 693, *supra).* We have previously held that victimization status as an explanation for a challenge is not pretextual on its face *(see, People v Dixon,* 202 AD2d 12). In *Dixon,* we held that such an explanation should be regarded as pretextual only if it appears that it is being applied in a discriminatory manner, a determination which is dependent upon the specific facts of each case. Here, in contrast to the record under review in *Dixon,* the record supports a finding that the references to victimization were mere afterthoughts.

Defense counsel did not question the first prospective juror about any bias she may have had because of her brother's employment. He attributed that to his misunderstanding of the nature of that employment, but when asked for further clarification, simply offered the fact that she had been the victim of a burglary as another reason. However, during the court's voir dire, she indicated that she had not been the victim of a crime.

Defense counsel's inability to articulate a nonpretextual explanation is even more apparent in the case of the second prospective juror. Defense counsel appeared to be searching for some reason for his exercise of a challenge. The court was in the best position to observe counsel's demeanor and determine whether his explanations were credible or, as the court apparently found, transparent excuses *(see, Hernandez v New York,* 500 US 352, *affg* 75 NY2d 350, *supra).* Under the particular circumstances of this case, there is no reason to disturb the court's finding that the reasons given for the challenges were merely pretextual.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.