■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOPEZ, Appellant. [621 NYS2d 916] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 6, 1993, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We find that the trial court erroneously rejected the defendant's peremptory challenge of a prospective juror despite defense counsel's articulation of nonpretextual, racially-neutral reasons for his challenge. Challenges by the defendant based on jurors' "crime-victimization status" are not pretextual on their face, and they should not be regarded as pretextual in the absence of evidence that they are being applied in a discriminatory manner *(see, People v Dixon,* 202 AD2d 12; *People v Taylor,* 208 AD2d 967). In this case, the record does not support a finding that the defendant was using challenges based on victimization status in a discriminatory manner. Consequently, his peremptory challenge should not have been rejected.

For the foregoing reasons, the defendant was deprived of his right to a jury of his choice, and a new trial is required.

We have examined the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON MALONE, Appellant. [621 NYS2d 915] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered December 21, 1993.

Ordered that the judgment is affirmed *(see, People v Kazepis,* 101 AD2d 816). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.