■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER VELASQUEZ, Appellant. [623 NYS2d 639] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 20, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and escape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and remitting the matter for a new trial on that charge; as so modified, the judgment is affirmed.

After finding a pattern of purposeful discrimination against "white women" during jury selection, the trial court required defense counsel to give explanations for his exercise of certain peremptory challenges. As to one prospective juror, the court rejected defense counsel's explanation and seated the juror over defense counsel's objection. We find that the court erred in rejecting defense counsel's explanation which indicated that he had challenged the juror for a nondiscriminatory reason. It is therefore unnecessary to address the defendant's contention

that the category of "white women" is not a separately cognizable group within the meaning of *Batson v Kentucky* (476 US 79).

In response to the court's inquiry, defense counsel indicated that the prospective juror and her family had been the victims of seven crimes in the last several years and that she had two children who had been "exposed to this type of thing". Since the prospective juror had been subjected to an unusually high amount of criminal activity, defense counsel believed she would be an inappropriate juror.

Explanations for peremptory challenges based on victimization status are not pretextual on their face and should not be found to be pretextual in the absence of evidence that the challenges are being exercised in a discriminatory manner *(see, People v Dixon,* 202 AD2d 12, 18). To establish a discriminatory pattern, it is not sufficient to demonstrate that victimization status was not uniformly applied to all prospective jurors *(see, People v Dixon, supra,* at 18).

The record here does not support a finding that defense counsel exercised challenges based on victimization status in a discriminatory manner. Further, the explanation based on victimization status was not a mere afterthought *(compare, People v Jupiter,* 210 AD2d 431). Since defense counsel proffered a satisfactory nondiscriminatory explanation, the court erred in rejecting that explanation, thereby depriving the defendant of his statutory right to exercise peremptory challenges.

We find no merit to the defendant's remaining contentions. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.