■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LOWERY, Appellant. [626 NYS2d 205] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 16, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the prosecution made a prima facie showing that the defense counsel had used his peremptory challenges in a racially-discriminatory manner *(see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Bennett,* 186 AD2d 812). The court thus correctly

required the defense counsel to provide race-neutral explanations for the exercise of his peremptory challenges *(see, People v Childress,* 81 NY2d 263). While the defense counsel's explanations were generally race-neutral, we agree with the court's conclusion, which is to be accorded great deference on appeal *(see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352), that the defense counsel's explanation as to one juror was pretextual, and thus insufficient to satisfy the defense counsel's burden *(see, People v Bennett,* 206 AD2d 382; *People v Manuel,* 182 AD2d 711). Indeed, the defense counsel's explanation: "I looked at her, she's from Bay Ridge. I'm looking at—I would like to increase, have more the type of people who come from the neighborhood he [the defendant] comes from. She's from Bay Ridge. She's a high school teacher. She didn't appeal to me, she didn't appeal—it's a peremptory challenge. She did not appeal to me", clearly failed to give rise to any inference which would cast in doubt this juror's ability to fairly and impartially evaluate the evidence in the case *(see, People v Williams,* 199 AD2d 445; *People v Duncan,* 177 AD2d 187; *People v Mack,* 143 AD2d 280). Accordingly, the court correctly disallowed the defense counsel's challenge to this juror.

We agree with the defendant that the prosecutor's cross-examination of a defense character witness exceeded the bounds of propriety insofar as the prosecutor utilized hypothetical questions which assumed the defendant's guilt of the crimes for which he was on trial *(see, People v Pryor,* 70 AD2d 805). Moreover, the prosecutor continued with this line of inquiry notwithstanding that the court sustained the defense counsel's objections thereto *(see, People v Fogel,* 97 AD2d 445). However, while the foregoing was improper, in light of the overwhelming evidence of the defendant's guilt, reversal is unnecessary *(see, People v Crimmins,* 36 NY2d 230; *People v Gandy,* 152 AD2d 909).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.