■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FOX, Appellant. [626 NYS2d 840] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered July 22, 1993, convicting him of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to the police.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the hearing court erroneously denied his motion to suppress physical evidence and his statements to the police. The police had reasonable suspicion to stop the white Camaro which the defendant was driving *(see,* CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210) based on the observations of the police officer who initially saw the white Camaro double parked in the road. When the officer went to issue a citation to the illegally parked car, he noticed that the steering column was cracked and wires were hanging loose. The officer, who suspected the car might be stolen, then canvassed the area to look for suspects. When the officer returned 2 minutes later, he saw the Camaro being driven away followed by another vehicle without a rear license plate. The officer then pursued both vehicles and stopped them to make an inquiry. To the extent that the defendant disputes the hearing court's factual conclu-

sions, we conclude that they were supported by the record, and find no basis to disturb them (see, People v Prochilo, 41 NY2d 759; People v Boone, 183 AD2d 721).

The issue of the legal sufficiency of the evidence was not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was in possession of a stolen vehicle. Although the defendant contends that the trial testimony of the arresting officer was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find that they are without merit. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.