THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RICHARD, Appellant. [626 NYS2d 564] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered July 15, 1993, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of the same court dated June 14, 1993, which, after a hearing, denied the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that the arresting police officer's testimony at the suppression hearing was so incredible and unworthy of belief that the court erred by crediting it. The officer testified that, while stopped at a traffic light in his patrol car, he had observed the defendant and another man engage in what he had thought was a drug sale. When the unidentified man began to walk away, the officer called to him and asked, "What's going on?" The unidentified man replied that the defendant had tried to sell him drugs. The officer then approached the defendant. After he asked the defendant a question, the defendant became excited, began to wave his arms, and a clear plastic bag containing money and drugs fell to the ground.

It is well settled that "[t]he determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight, and its determination should not be disturbed if it is supported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McAvoy,* 142 AD2d 605)" *(People v Tromp,* 160 AD2d 750; *see, People v Davis,* 166 AD2d 604; *People v Rose,* 159 AD2d 600).

Upon our review of the record, we cannot conclude that the arresting police officer's testimony is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Garafolo,* 44 AD2d 86, 88; *see, People v Boone,* 183 AD2d 721; *People v Silver,* 178 AD2d 499; *People v Wright,* 176 AD2d 473; *People v Randall,* 175 AD2d 142; *People v Charriez,* 174 AD2d 380; *People v Smith,* 143 AD2d 109). Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.