■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WATSON, Appellant. [629 NYS2d 446] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 15, 1993, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that "the trial court erred in granting

the prosecutor's reverse-*Batson* motion" *(see, Batson v Kentucky,* 476 US 79; *Georgia v McCollum,* 505 US 42). More specifically, he contends, citing *People v Page* (72 NY2d 69, 73), that "two jurors whom [he] attempted to excuse for legitimate race-neutral reasons were seated on the jury in clear violation of his constitutional right to be tried by [jurors of] his own choosing". We do not agree.

For the purposes of applying the rules laid down in *Batson v Kentucky (supra),* and its progeny, we have previously held that those peremptory challenges which are ostensibly based on the status of one's having been the victim of a crime should not be regarded as pretextual on their face, but may properly be regarded as pretextual only when it appears that they are being exercised in accordance with a discriminatory pattern *(see, People v Dixon,* 202 AD2d 12; *People v Jupiter,* 210 AD2d 431; *People v Velasquez,* 213 AD2d 505; *People v Alston,* 214 AD2d 746). Whether such a discriminatory pattern has been demonstrated is "a determination which is dependent upon the specific facts of each case" *(People v Jupiter, supra,* at 434). The record in this particular case supports the conclusion that the status of several potential jurors as crime victims constituted a factor which was being applied selectively by defense counsel in the exercise of his peremptory challenges, and the record also permits the inference that such selectivity reflected the same discriminatory pattern as that which prompted the prosecutor's "reverse-*Batson*" challenge in the first instance. In sum, the court properly regarded this ostensibly race-neutral explanation as pretextual *(see, People v Jupiter, supra).*

Defense counsel offered other purportedly race-neutral explanations for his challenges. The record supports the inference drawn by the trial court that these explanations were in fact pretextual. These findings are entitled to great deference, and we see no basis to disturb them *(see generally, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Guess,* 208 AD2d 559; *People v Jupiter, supra; People v Jones,* 204 AD2d 485; *People v Bailey,* 200 AD2d 677). Based on our examination of the record as a whole, we conclude that the People met their burden of proving that the defendant's peremptory challenges were racially motivated *(see, Purkett v Elem,* 514 US —, 115 S Ct 1769).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.