■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MEYERS, Appellant. [629 NYS2d 794] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 18, 1993, convicting him of sodomy in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A peremptory challenge by a criminal defendant that is ostensibly based upon a prospective juror's status as a crime victim is not pretextual on its face and should not be determined to be pretextual in the absence of evidence that such challenges have been applied in a discriminatory manner *(see, People v Taylor,* 208 AD2d 967; *People v Dixon,* 202 AD2d 12, 18).

The trial court in this case properly determined that a white prospective juror's status as a crime victim, which was used by defense counsel to explain his peremptory challenge to that juror, was a pretextual reason for challenging her because such challenges had been applied in a discriminatory manner. The record evinces that defense counsel failed to challenge any of the six nonwhite jurors who were also crime victims *(cf., People v Alston,* 214 AD2d 746; *People v Taylor, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.