■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MACK, Appellant. [632 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J., at hearings; Wade, J., at trial and sentence), rendered January 7, 1994, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's convictions of robbery in the first degree and attempted robbery in the first degree arose from two separate incidents in which he allegedly approached persons on a Brooklyn subway platform and demanded money from them at knifepoint. We find that the trial court erred in rejecting the defense counsel's peremptory challenge, *inter alia*, to a white juror who had twice been a robbery victim.

Under the three-step process for determining whether a party has exercised peremptory challenges to strike potential jurors in violation of *Batson v Kentucky* (476 US 79), there must first be sufficient facts alleged to raise an inference that the peremptory challenges were exercised for discriminatory purposes. Upon such a showing, the burden shifts to the party seeking to exercise the peremptory challenges to articulate a neutral explanation for striking the jurors in question. The court must then determine whether the proferred reasons are pretextual (*People v Allen*, 86 NY2d 101).

The trial court, upon finding that the prosecutor had satisfied the first step with respect to several jurors, all of whom were white, to whom the defense counsel had raised peremptory challenges, demanded race-neutral reasons for the defense counsel's challenges to those jurors. The defense counsel responded that he had challenged one juror because he was a retired corrections officer and another juror because she had twice previously been a robbery victim. In response to these explanations, the prosecutor argued that the retired corrections officer's employment status was sufficiently attenuated because he had been retired for more than 10 years and that the woman who had twice been a robbery victim had explained that she could be fair despite those experiences. The court agreed with the prosecutor with respect to both jurors and seated both on the jury panel.

On appeal, the defendant does not take issue with the trial court's ruling that the People met their burden of raising an inference that the defense counsel had exercised his peremptory challenges for discriminatory purposes. Rather, he argues that race-neutral reasons were offered with respect to two of these jurors and that there was no finding that the reasons were pretextual. We agree and reverse.

This Court has previously stated that "[t]here is a rational basis for the suspicion that a crime victim might be less sympathetic to an accused criminal than would a person who has never been victimized by crime", and that "[c]hallenges by the defendant ostensibly based on victimization status are, in other words, not pretextual on their face, and they should not be

found to be pretextual in the absence of evidence that they are being applied in a discriminatory manner" (*People v Dixon*, 202 AD2d 12, 18; *see, People v Taylor*, 208 AD2d 967). The defense counsel's challenge to the juror who had twice been a robbery victim was unquestionably related to the factual circumstances of the case (*see, People v Williams*, 199 AD2d 445, 446). Thus, under these circumstances, the defense counsel satisfied the second step of the *Batson* three-step process, and the challenge should have been granted unless the court found the proffered reason pretextual (*People v Allen*, 86 NY2d 101, *supra*).

In this case, the trial court never made such a finding. To the contrary, it erroneously applied a "for cause" standard in evaluating, and subsequently rejecting, the defense counsel's challenge to this juror, noting that she had stated that she could be fair despite her having twice been robbed. Thus, the trial court improperly rejected the defense counsel's peremptory challenge to this juror, and a new trial must be ordered (*see, People v Dixon, supra; People v Taylor, supra*). In light of this result, we need not determine whether the court erred in rejecting the defense counsel's explanation for challenging a juror who the defense counsel challenged because he had previously been employed as a corrections officer.

The defendant's remaining contention need not be addressed in light of our determination on this issue. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.