■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. RIVERA, Appellant. [633 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 20, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no merit in the defendant's contention that the arresting police officer's testimony at the suppression hearing was so incredible and unworthy of belief that the court erred by crediting it. It is well settled that "[t]he determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight, and its determination should not be disturbed if it is supported by the record" *(People v Tromp,* 160 AD2d 750; *see, People v Prochilo,* 41 NY2d 759, 761; *People v Richard,* 215 AD2d 601).

Upon our review of the record, we cannot conclude that the arresting police officer's testimony is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Garafolo,* 44 AD2d 86, 88; *see, People v Boone,* 183 AD2d 721; *People v Silver,* 178 AD2d 499).

Because the People made a prima facie showing that the defendant was exercising his peremptory challenges in a discriminatory manner the court properly required defense counsel to provide race neutral reasons for his challenges of all four white male panelists in the first round, and one white male in the second round *(see, People v Allen,* 86 NY2d 101). The court sustained the challenges to the first four white males. Defense counsel's challenge to the white male juror in the second round was predicated on the prospective juror's status as a crime victim, and because he felt the juror's responses to his questions were "equivoca[l]". The defendant's contention that the court erred in finding that the basis for the challenge was pretextual is not persuasive.

A court's conclusion that an explanation, while neutral on its face, was pretextual and insufficient to satisfy the burden on a party to demonstrate that the challenge was not discriminatory is to be accorded great deference on appeal *(see, Hernandez v New York,* 500 US 352, 364-365; *People v Lowery,* 214 AD2d 684), since such findings "largely will turn on evaluation of credibility" *(Batson v Kentucky,* 476 US 79, 98, n 21). The "decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed" *(Hernandez v New York, supra,* at 365).

In light of the fact that the defense counsel did not challenge other prospective jurors on the basis that they had been crime victims, it is clear that his first ground for challenging this prospective juror—that he had been a crime victim—was pretextual. Therefore, we are concerned solely with the second basis for challenging this prospective juror, that he was equivocal in his responses to the defense counsel's questions. The court found that this reason was pretextual, having observed the prospective juror closely, and noting that he did not exhibit the same "body language" the defense counsel had cited as a reason for challenging another prospective juror who had also given equivocal responses. While the defense counsel's explanation was race neutral we cannot say that the court, having had the opportunity to observe the questions and responses, clearly erred in finding the proffered explanation pretextual. As these findings are accorded great deference, they will not be disturbed here.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.