■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH DAVIS, Appellant. [633 NYS2d 373] —Appeal by the defendant from a judgment of the County Court, Dutchess County

(Dolan, J.), rendered October 11, 1994, convicting him of attempted forgery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying his application to suppress inculpatory statements made by him to the police. "It is well settled that the determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight and should not be set aside unless clearly unsupported by the record" *(People v Overton,* 188 AD2d 491, 492; *see, People v Prochilo,* 41 NY2d 759; *People v Richard,* 215 AD2d 601). Given the logical and consistent police testimony which amply supports the hearing court's determination with respect to the issues of custody and defendant's receipt and voluntary waiver of his rights, we discern no basis in the record for disturbing the court's conclusion. Similarly, "[i]ssues of credibility are primarily to be determined by the hearing court * * * and, in the event the proof permits the drawing of conflicting inferences, the choice is for the trier of the facts and should be upheld unless unsupported by the evidence" *(People v Oates,* 104 AD2d 907, 910). The defendant's claims that he invoked his right to counsel and that the police employed coercive tactics to obtain his statements presented pure credibility issues which the hearing court resolved against him. Given the record before us, we decline to disturb the court's determination of these issues. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.