■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN ANDERSON, Appellant. [636 NYS2d 394] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 14, 1993, convicting him of murder in the second degree, manslaughter in the first degree, and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the initial round of jury selection, a Mr. Zuckerman, whose wife was also a prospective juror on the same panel, asked the court if he and his wife could serve on the same jury. After this occurred, Mrs. Zuckerman unexpectedly approached the bench and, in an off-the-record sidebar discussion, volunteered certain personal concerns about serving as a juror. The prosecutor and the defense counsel were present during the sidebar, but the defendant did not participate in the discussion. The juror was excused after the sidebar had been concluded.

Later on the same day, when the defendant and his counsel were present, the court reviewed the transaction on the record, explaining that it had not sought to elicit Mrs. Zuckerman's comments and wanted to make a record of what had transpired. The court noted that it was concerned since the defendant was "not privy" to the colloquy. The court then recounted that the juror had indicated, *inter alia,* that she felt "uncomfortable and nervous about anything related to murder" since her parents had been in a concentration camp. The court stated during the sidebar discussion, she was "nearly in tears" and that Mrs. Zuckerman's husband was also a prospective juror. The court then observed that "I believe there was consent to

excuse her". The prosecutor responded, "[t]hat's correct. That's my recollection". The court then addressed the prosecutor and the defense counsel, asking "[a]ny problem with that now?". The defense counsel replied "no".

On appeal, the defendant argues, *inter alia,* that the initial discussion conducted by the court outside his presence constituted error mandating reversal of his conviction. We disagree.

Although the defendant was not privy to the initial sidebar discussion, the court appropriately sought to ameoliorate any prejudice by replicating the content of the conference, in the defendant's presence, so as to ensure that both parties were fully aware of, and had assented to, what had transpired *(see, People v Starks,* 216 AD2d 120; *People v Jupiter,* 210 AD2d 431; *cf., People v Favor,* 82 NY2d 254, 267-268). The court's comments made it clear that its principal concern in reviewing the sidebar conference was to elicit the parties' comments with regard to the manner in which the conference had been conducted. Despite the court's invitation, neither the defendant nor the defense counsel registered any objection to the way in which the prior proceedings had been handled nor requested that the court undertake any corrective or remedial measures concerning the incident. The failure to interpose any objection with respect to the sidebar at a time when the court was in a position to take corrective action, taken together with counsel's statement that there was no problem with the court's recitation of the relevant facts, constituted an "acquiesence in the prior proceedings and [the defendant's] absence from them" *(People v Spotford,* 85 NY2d 593, 599).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Jupiter, supra; People v Neal,* 205 AD2d 711; *People v Robinson,* 191 AD2d 523; *see also, People v Flores,* 84 NY2d 184; *People v Satterfield,* 66 NY2d 796; *People v Cruz,* 176 AD2d 953; *People v Suitte,* 90 AD2d 80). Balletta, J. P., Ritter, Thompson and Florio, JJ., concur.