■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GARCIA, Appellant. [658 NYS2d 365] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Orgera, J.), rendered May 10, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after selling "crack cocaine" to an undercover officer during a so-called "buy and bust" operation. During the trial, at which the testifying officers identified the defendant as the seller in the drug transaction, the People introduced into evidence an arrest photograph of the defendant. Contrary to the defendant's contention, the admission of his arrest photograph was admissible to establish the defendant's appearance at the time the crime was committed *(see, People v Jones,* 187 AD2d 730).

The defendant further contends that the Supreme Court erred in seating a challenged juror over the objection of the defense counsel. This contention is without merit. The People established a pattern of discrimination in that the defense counsel had exercised 13 of his 14 peremptory challenges against nonblacks. The court determined that the defense counsel's racially-neutral explanation for challenging a particular juror was pretextual and, accordingly, seated the juror. This is an instance in which the trial court was in the best position to determine the creditworthiness of the defense counsel's explanations *(see, Hernandez v New York,* 500 US 352, 365). Having found such reasons not credible, and affording the trial court deference in its decision, it did not err in seating the challenged juror over the defense counsel's objection *(see, People v Jupiter,* 210 AD2d 431; *People v Watson,* 216 AD2d 596).

The defendant's claim, that he was denied his right to a public trial *(see,* US Const 6th Amend; NY Const, art I, § 6; Civil Rights Law § 12; Judiciary Law § 4) when the trial court, in closing the courtroom, excluded the companion of the defendant's mother during the testimony of an undercover police officer, is unpreserved for appellate review *(People v Burton,* 194 AD2d 683). In any event, the claim is without merit. The testimony of the undercover officer at the *Hinton* hearing established that he was still working in the same geographical area where the defendant lived, that he and his family had been threatened, and further, that if his identity were revealed, he would be in danger and the integrity of future investigations in that area would be jeopardized *(see, People v Martinez,* 82 NY2d 436; *People v Hill,* 209 AD2d 433). Accordingly, the undercover officer demonstrated an overriding interest that

was likely to be prejudiced, i.e. the integrity of future investigations, if his identity were revealed *(see, Waller v Georgia,* 467 US 39, 48). Here, limited closure of the courtroom, as well as excluding the mother's companion, was justified under the circumstances. Moreover, by allowing the defendant's close family members access, the court's limited closure of the courtroom was no broader than necessary to effectuate its interest in protecting the identity of the undercover officer.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.