■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE REID, Appellant. [683 NYS2d 208] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered July 24, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly found a defense peremptory challenge to be pretextual and seated the juror. The record of jury selection as a whole supports the court's credibility-based determination, which is entitled to great deference (People v Hernandez, 75 NY2d 350, affd 500 US 352), that the stated reasons for the challenge were factors that were being applied selectively by defense counsel in the exercise of his peremptory challenges, and the record permits the inference that such selectivity reflected a discriminatory pattern (see, People v Watson, 216 AD2d 596, lv denied 86 NY2d 847).

The court's evidentiary rulings concerning fingerprint evidence were proper exercises of discretion under the circumstances. In this case, where defendant was observed discarding a pistol and was found in possession of a matching bullet, defendant's expert, a retired police officer, testified that he could not lift any latent prints from the pistol, including those of defendant, the arresting officers, the police ballistic officer, and the defense expert himself. Moreover, the defense expert testified that although latent prints may sometimes be lifted from firearms, he had made only four or five attempts to do so, all unsuccessful, in his 13 years as a police fingerprint expert. In light of this testimony, the arresting officers' failure to submit the pistol for fingerprint testing, and the possibility that their alleged mishandling of the weapon may have

destroyed latent prints were immaterial and likely to confuse the jury. Accordingly, the court properly exercised its discretion in precluding these lines of inquiry. Concur—Lerner, P. J., Ellerin, Andrias and Saxe, JJ.