■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYISM BRYANT, Appellant. [693 NYS2d 162] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered June 3, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The racially-motivated use of peremptory challenges violates the Equal Protection Clause of both the State and Federal Constitutions whether they are made by the defense or the prosecution (*see, Hernandez v New York,* 500 US 352; *Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638). Here, after the prosecutor argued that the defense counsel was using his peremptory strikes to exclude white jurors from the panel, the defense counsel proffered race-neutral explanations for the challenges. The trial court rejected these proffered explanations as pretextual and seated two challenged jurors over the defense counsel's objection. Viewing the totality of the circumstances (*see, Hernandez v New York, supra*), especially considering that the defense counsel failed to challenge many other similarly-situated non-white jurors (*see, People v Payne,* 88 NY2d 172), there is no basis upon which to overturn the trial court's determination, which is to be given great deference on appeal (*see, Hernandez v New York, supra; People v Garcia,* 239 AD2d 599), that the explanations proffered were merely pretextual.

The defendant's contention that reversal is required because the People failed to turn over alleged *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866), namely a short, handwritten paragraph of coded information contained in the undercover police officer's memobook, is unpreserved for appellate review (*see, People v Rashid,* 164 AD2d 951, 952), and, in any event, is without merit. Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.