◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLIVETTE VASQUEZ, Appellant. [706 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reinaldo E. Rivera, J.), rendered May 13, 1998, convicting her of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly seated a white prospective juror against whom defense counsel and counsel for the codefendant had jointly exercised a peremptory challenge. Counsel for the defendant originally stated that he did not object to the juror, and only offered a race-neutral explanation for the challenge after counsel for the codefendant admitted that he had no basis for his challenge other than a "gut feeling". Accordingly, the court properly rejected the later, race-neutral explanation (*see, People v Kern,* 75 NY2d 638, 657-658; *People v Jupiter,* 210 AD2d 431).

The sentence imposed was not excessive (*see, People v Delgado,* 80 NY2d 780, 781-782; *People v Suitte,* 90 AD2d 80). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DARIUS WADIA, on Behalf of DAVID MACHINO, Petitioner, v WARDEN, RIKERS ISLAND, Respondent. [707 NYS2d 324] —Writ of habeas corpus in the nature of an application for the release of the detainee pursuant to CPL 30.30 (2) (b) and CPL 170.70 upon a criminal court complaint dated February 26, 2000.

Adjudged that the writ is dismissed, without costs or disbursements.

Under the circumstances of the case, the petitioner is not entitled to the relief sought in the petition. Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.