■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON WOODS, Appellant. [706 NYS2d 707] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered October 7, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly determined that his challenge to a juror based on her status as a crime victim was pretextual, since he did not apply that facially race-neutral reason to other prospective jurors who were similarly situated (*see, People v Hewitt,* 258 AD2d 597; *People v Hill,* 245 AD2d 464, 465; *People v Morrison,* 220 AD2d 694; *People v Meyers,* 217 AD2d 639; *People v Watson,* 216 AD2d 596). It is well settled that neither the prosecutor nor the defense attorney may exercise peremptory challenges in a discriminatory manner to exclude a cognizable group (*see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). Where, as here, the People established a prima facie case of discrimination, the defense counsel was required to set forth race-neutral, non-pretextual reasons for the peremptory challenges (*see, People v Allen,* 86 NY2d 101, 109; *People v Rivera,* 220 AD2d 782, 783). While a challenge to a juror's status as a crime victim is not pretextual on its face, it may properly be regarded as such when it appears that it is being exercised in accordance with a discriminatory pattern (*see, People v Watson,* 216 AD2d 596, *supra; People v Velasquez,* 213 AD2d 505; *People v Lopez,* 211 AD2d 827; *People v Taylor,* 208 AD2d 967). The trial court's determination that the defense counsel's proffered reasons were pretextual will not be disturbed on appeal where, as here, it is supported by the record (*see, People v Rivera, supra,* at 783; *People v Jupiter,* 210 AD2d 431, 433).

The defendant's remaining contention is without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.