■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MANUEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 6, 1987, convicting him of murder in the second degree, robbery in the first degree (five counts), robbery in the second degree, assault in the first degree (two counts) and unauthorized use of a motor vehicle in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of certain branches of the defendant's omnibus motion which were to suppress certain identification testimony, and the defendant's statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant was convicted of multiple charges in connection with three separate robberies, including one robbery-homicide, all of which occurred within the space of 15 days, and within the same general area. The defendant used a similarly brutal and cowardly modus operandi in each case, and we conclude that the Supreme Court properly determined that the charges arising out of the three transactions should be tried jointly (see, CPL 200.20 [2] [b], [c]; People v Bongarzone, 69 NY2d 892, 895; People v Beam, 57 NY2d 241; People v Hunter, 177 AD2d 1015; People v Simmons, 177 AD2d 1024; People v Matthews, 175 AD2d 24; People v Davis, 156 AD2d 969, 970; People v Luke, 155 AD2d 890; People v McQueen, 170 AD2d 696; People v Hainson, 161 AD2d 802; People v Bowman, 155 AD2d 606; People v Lyde, 98 AD2d 650). However, for the following reasons, we conclude that a new trial must be ordered.

First, we find that a new trial is necessary because the prosecutor exercised his peremptory challenges in a discriminatory manner (see, Batson v Kentucky, 476 US 79; People v Hernandez, 75 NY2d 350, 355, affd 500 US —, 111 S Ct 1859). Although the prosecutor cited a race-neutral basis for his removal of two potential black jurors, the supposedly race-neutral basis asserted by the prosecutor (having a relative who is, or has been, prosecuted for a crime) could have been, but was not applied in order to disqualify several nonblack jurors, one of whom had a relative who was jailed for assault and robbery. Under the totality of the circumstances, we conclude that the nonracial basis advanced in order to justify the exercise of the prosecutor's peremptory challenges to two

potential black jurors was a pretext *(see, People v Hernandez,* *supra).*

A new trial is also necessary because the Supreme Court improperly permitted one of the two complaining witnesses to make an in-court identification. The Supreme Court found that this witness had participated in a tainted lineup identification procedure. Therefore, an in-court identification should not have been permitted except upon a showing that this witness's ability to recall the features of the perpetrator survived the taint of the lineup. However, there was no hearing on this issue, and there was no finding that the witness had such an independent recollection, or that such a recollection could have served as an "independent basis" for a reliable in-court identification. Permitting the witness to make an in-court identification under these circumstances, and over objection, was error *(see, People v Riley,* 70 NY2d 523; *see also, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Adams,* 53 NY2d 241).

In addition to these errors there was prosecutorial misconduct. During his cross-examination of the defendant, the prosecutor repeatedly framed his questions in such a way as to render it obvious to the jury that the source from which they were drawn was a confession which had been given by an accomplice. Under the circumstances, we view this as an unjustifiable circumvention of the rule prohibiting the admission of a nontestifying codefendant's confession into evidence *(see, Bruton v United States,* 391 US 123; *Cruz v New York,* 481 US 186).

We note that a detective was improperly allowed to allude to "eight robberies that maybe we're going to end up charging you with". Evidence of uncharged crimes was inadmissible and served no purpose other than to demonstrate criminal propensity *(see, People v Allweiss,* 48 NY2d 40, 46; *People v Molineux,* 168 NY 264).

The defendant's remaining contentions, including his argument that his confession should have been suppressed, have been examined and found to be without merit. Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.