■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BENSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.) rendered September 29, 1988, convicting him of robbery in the second degree, burglary in the second degree, grand larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this court dated May 28, 1991, the case was remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(see, People v Benson,* 173 AD2d 720). The Supreme Court has now complied.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We find that a new trial is necessary because the prosecutor exercised her peremptory challenges in a discriminatory manner *(see, Batson v Kentucky,* 476 US 79; *People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US —, 111 S Ct 1859). The prosecutor advanced as a reason for her removal of a potential black juror—one of various patrons of a lounge who were robbed several years earlier—that the juror would resent the fact that the complainant in this case, whom the prosecutor stressed was a white woman, had seen her assailant brought to justice while in her case, "there [weren't] any results". Moreover, the prosecutor's foregoing factual assertion was unsupported by the voir dire minutes which indicated only that the potential juror did not know whether any arrests had been made in her case and that she was never called to appear as a witness.

The second reason advanced by the prosecutor for excluding the potential juror—that in light of her own experience, she would find it difficult to believe that a good identification could be made in this case where there was less than a "crowded lounge full of witnesses"—is based on the same factual assertion, which we have already found to be unsupported by the record. Under the totality of the circumstances, we conclude that the nonracial basis advanced by the prosecutor was a pretext *(see, People v Hernandez, supra).*

"For the purposes of equal protection, the constitutional violation is the exclusion of *any* blacks solely because of their race" *(People v Jenkins,* 75 NY2d 550, 559). Accordingly, the race-based challenge to the potential black juror requires reversal and the ordering of a new trial. In view of our decision, we need not determine whether the peremptory challenges exercised by the prosecutor with regard to the other black potential jurors also were race-based. Bracken, J. P., Sullivan, Eiber and Copertino, JJ., concur.