■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
STEVEN RODNEY, Appellant. [596 NYS2d 169] —Appeal by the
defendant from a judgment of the Supreme Court, Queens
County (Berkowitz, J.), rendered January 7, 1991, convicting
him of criminal sale of a controlled substance in the third
degree, criminal possession of a controlled substance in the
third degree, and criminal possession of a controlled substance
in the seventh degree, upon a jury verdict, and imposing
sentence.

Ordered that the judgment is reversed, on the law, and a
new trial is ordered. The facts have been considered and
determined to have been established.

The defendant was arrested in a buy-and-bust operation
after aiding in the sale of crack cocaine to an undercover
police officer. On appeal, the defendant, who is black, argues
that the People employed their peremptory challenges during
jury selection in a racially-discriminatory manner in violation
of *Batson v Kentucky* (476 US 79). We agree and reverse.

The racially-motivated use of peremptory challenges vio-
lates both the State and Federal Constitutions *(see, Batson v
Kentucky,* 476 US 79, *supra; People v Bolling,* 79 NY2d 317).
The United States Supreme Court, in *Batson v Kentucky
(supra),* articulated a three-pronged test for evaluating claims
of discrimination in jury selection. First, the defendant must
show a prima facie case that the prosecutor is exercising
peremptory challenges for racial reasons *(Batson v Kentucky,
supra,* at 94-96). Second, if such a showing is made, the
prosecutor must come forward with race-neutral reasons for
making such challenges *(Batson v Kentucky, supra,* at 97-98).
Third, the court must rule as to whether the defendant
satisfied his or her burden of showing discrimination *(Batson v
Kentucky, supra,* at 98).

The prosecutor exercised a disproportionately high number
of peremptory strikes against black venirepersons, striking 7
out of the 10 prospective black jurors in the venire pool. When
challenged by the defendant concerning 2 of the struck black
venirepersons, the prosecutor stated that she had struck them
because they did not have children. However, when it was
pointed out that several similarly-situated white venireper-
sons were seated by the prosecutor, she asserted that the
challenged black venirepersons did not fit her "prototype" of

the juror she was seeking. However, neither reason is sufficient.

Although a peremptory challenge to a venireperson on the basis of whether he or she has a child is race-neutral on its face, such a challenge cannot, as here, be exercised in a discriminatory manner *(see, e.g., People v Bolling, supra,* at 324; *People v Manuel,* 182 AD2d 711). Similarly, although a proffered race-neutral reason need not rise to the level required for "cause" *(see, Hernandez v New York,* 500 US —, 111 S Ct 1859), the burden cannot be met by merely claiming good faith and denying discriminatory purpose *(see, People v Bolling, supra,* at 320; *People v Dove,* 172 AD2d 768). Here, to accept as sufficient the prosecutor's bare assertion that the challenged black venirepersons did not fit her undisclosed prototype of a juror would be the equivalent of requiring no reason at all. The mere fact that, as here, some black jurors remained on the jury panel is not controlling, as even one racially-motivated challenge is sufficient to trigger *Batson (see, People v Jenkins,* 75 NY2d 550, 557; *People v Lavon,* 166 AD2d 670). Accordingly, we reverse the conviction and remit the case for a new trial. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.