■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PEART, Appellant. [602 NYS2d 424] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Scarpino, J.), rendered March 8, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant's conviction stems from two sales of cocaine to an undercover police officer in the City of Mount Vernon on May 2, 1990. During the course of jury selection, defense counsel objected that the prosecutor had used his peremptory challenges to exclude the only two black members of the jury panel, in violation of Batson v Kentucky (476 US 79). In response to the defendant's claim, the prosecutor explained, inter alia, that he had excluded one of the two potential black jurors because she did not appear to be a "strong" prosecution juror. The prosecutor added that while there was "nothing wrong" with this potential juror, "she is neutral and I'm looking for a strong—somebody stronger, that is all". However, the prosecutor did not point to any facts to support his belief that the potential juror would not be favorable to the People. The record discloses that the potential juror was employed as a nurse's assistant in a nursing home, that her nephew was employed as a police officer, and that she had

several friends who were employed as correction officers. In addition, the potential juror had previously served as a juror in a Federal case involving stock fraud. Although defense counsel argued that the prosecutor's explanation for excluding this potential juror was not racially-neutral, the trial court rejected the defendant's claim, and concluded that the prosecutor had not excluded the potential juror based on her race. We now reverse.

Although a proffered race-neutral explanation for the exclusion of a potential juror need not rise to the level required to challenge a venireperson for "cause" *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352, 111 S Ct 1859), the burden cannot be met by merely claiming good faith and denying discriminatory purpose *(see, People v Bolling,* 79 NY2d 317; *People v Rodney,* 192 AD2d 626; *People v Dove,* 172 AD2d 768). Moreover, since the purpose of the *Batson* rule is to eliminate discrimination and not to minimize it, " '[t]he exclusion of *any* blacks solely because of their race' is constitutionally forbidden" *(People v Bolling, supra,* at 321, quoting *People v Jenkins,* 75 NY2d 550, 559). Here, to accept the prosecutor's bare assertion, unsupported by any factual basis, that the potential juror was "neutral" and would not be a "strong" prosecution juror would be, in effect, to accept no reason at all *(see, People v Rodney, supra).* Under the totality of the circumstances, we conclude that the proffered explanation for excluding the potential juror was a pretext *(see, People v Hernandez, supra; People v Benson,* 184 AD2d 517; *People v Manuel,* 182 AD2d 711), and accordingly, a new trial is warranted.

We have examined the defendant's remaining contentions, and find that they are without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.