■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WILLIAMS, Also Known as MELVIN JONES, Appellant. [605 NYS2d 383] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 16, 1991, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the trial court erred when it found the defendant's proffered "race-neutral" explanation for his peremptory challenge of a potential juror to be pretextual, and seated the juror. We disagree.

Following the defendant's exercise of six peremptory challenges, in which he and his codefendant challenged all four white males on the jury panel and the only other nonblack juror, an Hispanic male, the prosecutor raised a *Batson* objection *(see, Batson v Kentucky,* 476 US 79). The court found that a prima facie showing of purposeful discrimination regarding the defendants' challenges had been made, and the defendant does not argue with this finding. Following the defendants' proffered "race-neutral" explanations for the challenges of the five nonblack jurors, the court found three explanations to be pretextual, and seated these jurors. The defendant challenges on appeal only the court's determination as it relates to one of these jurors.

The defendants' proffered "race-neutral" explanation for the challenge to that juror was that he was unemployed, and the codefendant's counsel stated that his experience with people who are unemployed was that "they have a dim view of people charged with crimes. They think they are getting away with too much". This defendant's counsel joined in this explanation.

While "[a] person's employment or lack of employment may, in an appropriate case, constitute a legitimate race-neutral reason for exclusion" *(People v Duncan,* 177 AD2d 187, 194), the concerns regarding a juror's employment status must somehow be related to the factual circumstances of the case *(see, People v Duncan, supra,* at 195; *People v Dabbs,* 192 AD2d 932; *United States v Cartlidge,* 808 F2d 1064, 1070; *cf., People v Miller,* 144 AD2d 94, 97). Here, the defendant merely felt that *all* unemployed people would take a dim view of *any* person charged with a crime. Thus, the trial court correctly held that this explanation was inadequate.

The defendant also contends that he was denied a fair trial by his exclusion from the side bar conference where the "race-neutral" explanations for the peremptory challenges were offered. Again, we disagree.

"The defendant's right to be present does not extend * * * to every discussion between counsel and the court simply because it takes place during and pertains to the impaneling of the jury and the exercise of challenges * * * What is required is that a defendant have meaningful opportunity to participate in the critical stage of determining the ultimate composition of the jury" *(People v Ramos,* 173 AD2d 748, 749; *see also, People v Benson,* 173 AD2d 720, 721). Here, the defendant's counsel was not limited in his ability to consult with the defendant, the defendant was present during voir dire, and all challenges were made in open court. Thus, the defendant was not denied a fair trial by his exclusion during the side bar at which the "race-neutral" explanations were offered *(see generally, People v Velasco,* 77 NY2d 469, 473). Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.