■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MARTINEZ, Appellant. [616 NYS2d 531] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered April 27, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant was arrested after he attempted to dispose of a loaded revolver by dropping it into a cardboard box lying between two parked cars in a parking lot while under surveillance by two undercover police officers. The defendant claims that the testimony of one of the undercover officers that the defendant displayed an illegal weapon in the presence of the police was incredible as a matter of law, and that, accordingly, the hearing court should have granted suppression of the gun. The hearing testimony reveals that while the undercover officers followed the defendant and his companion for a brief

time after observing them make a "suspicious" move upon sighting a marked police car, their pursuit of the two men was silent and unobtrusive, and there was no reason for the defendant to infer that the two men, whose presence he noted shortly before attempting to discard the loaded weapon, were police officers. Therefore, the defendant's claim that the officer's testimony was manifestly untrue or improbable was properly rejected, as it was probable that the defendant did not know that he was being observed by the police when he discarded the weapon.

We are nevertheless compelled to reverse the defendant's conviction because of the trial court's erroneous application of the *Batson* doctrine *(see, Batson v Kentucky,* 476 US 79).

At the conclusion of the first round of jury selection, the prosecutor made a "reverse-*Batson* challenge", asserting that the three peremptory challenges executed by defense counsel were against white males. The Trial Judge requested of the defense counsel "an explanation of why you are objecting to the three white male jurors".

The defense counsel responded, as to prospective juror number one, that that prospective juror was friendly with two neighbors, one of whom was a patrolman and one of whom was a narcotics officer, he discussed their jobs with them, and he was also a victim of a crime. The trial court responded that the potential juror's affiliation with those in law enforcement was not "a sufficient reason", and ultimately seated the juror over the defense counsel's objection.

The defense attorney next explained that prospective juror number eight, who had previously indicated that it was "odd" that a defendant who was not guilty would decline to testify in his own behalf, "was uncertain as to whether * * * he may use that against [the defendant] in this case". The prosecutor countered: "Judge, I believe that he did clearly say that if that's the law, he would follow it". The court concurred with the prosecutor's recollection, and disallowed the challenge.

As to her striking of prospective juror number twelve, the defense counsel explained that "he is a Court Officer, and I think * * * he has seen a lot that the other jurors haven't. I don't think he can be fair and impartial * * * He also has a nephew who is a deputy sheriff. I think his law enforcement ties here, and the fact that he is a Court Officer". The court interrupted the defense counsel, and said, "All, right", allowing that challenge.

Thus, the jury ultimately selected included two jurors whom

the defense had challenged peremptorily. The defendant was convicted, and this appeal ensued.

In *People v Dixon* (202 AD2d 12, 17), this Court noted:

"In order to constitute a gender-neutral explanation, the explanation furnished must merely be one in which gender-related considerations play no role; the explanation provided need not amount to one which would justify a challenge 'for cause' *(see, Hernandez v New York,* 500 US 352, *supra; see also, People v Peart,* 197 AD2d 599; *People v Duncan,* 177 AD2d 187).* The gender-neutral explanation must be reasonably definite; a conclusory assertion of good faith will generally be regarded as inadequate *(see, People v Bolling,* 79 NY2d 316, *supra; People v Jenkins,* 75 NY2d 550, *supra; People v Peart, supra,* at 599; *People v Rodney,* 192 AD2d 626). Also, we have stated that certain purportedly nondiscriminatory explanations will be rejected unless they are 'somehow * * * related to the factual circumstances of the case' *(People v Williams,* 199 AD2d 445, 446).

"The general rule is that the trial court is in a better position than a reviewing court to evaluate whether a gender-neutral explanation is in fact merely a pretext *(see, Hernandez v New York,* 500 US 352, *supra).* While this Court will thus ordinarily defer to the trial court *(see, e.g., People v Mondello,* 191 AD2d 462, *supra; People v Green,* 181 AD2d 693; *People v Williams,* 176 AD2d 245), the trial court's determination as to whether a gender-neutral explanation is or is not pretextual is not completely insulated from review *(see, e.g., People v Benson,* 184 AD2d 517; *People v Manuel,* 182 AD2d 711)."

In this case, the defense counsel provided a "satisfactory nondiscriminatory explanation" *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352), which she persuasively "related to the factual circumstances of the case" *(People v Williams,* 199 AD2d 445, *supra)* for her striking of prospective juror number one. Specifically, counsel pointed to the prospective juror's relationships with police officers, reasoning that they may render him insufficiently skeptical about police testimony, which was a concern, because the defense in this "dropsy" case was based upon a challenge to the credibility of the People's witnesses, who were police officers.

Moreover, the defense attorney's observation that prospective juror number eight's skepticism concerning the right of a criminal defendant not to testify in his own behalf, which rule the juror characterized as "odd" and bothersome, but which he ultimately stated he "hoped" he could follow, was facially

neutral and nondiscriminatory, corresponding, as it did, to a valid for-cause challenge *(see, Hernandez v New York,* 500 US 352, 362-363, *supra; cf.,* CPL 270.20; *People v Burns,* 169 AD2d 773).

Inasmuch as the trial court erroneously rejected the defense counsel's explanations for her exercise of peremptory challenges against two prospective jurors, we conclude that the defendant was deprived of his statutory right to exercise peremptory challenges. Accordingly, a new trial is warranted. Bracken, J. P., Miller, Joy and Altman, JJ., concur.