■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALLAS BROOKS, Appellant. [618 NYS2d 240] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered November 23, 1992, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

As the People correctly concede, the defendant is entitled to a new trial based on the prosecutor's exercise of peremptory challenges to exclude a number of female prospective jurors *(see, Batson v Kentucky,* 476 US 79). Although a proffered explanation for peremptory challenges need not rise to the level required for "cause", the explanation must be "reasonably definite" *(see, Hernandez v New York,* 500 US 352; *People v Dixon,* 202 AD2d 12). Here, the prosecutor's statements revealed that he excluded prospective jurors based on their gender *(see, People v Peart,* 197 AD2d 599; *People v Rodney,* 192 AD2d 626).

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.