■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWN, Appellant. [623 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered February 26, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was deprived of his right to exercise peremptory challenges when the trial court rejected the defense counsel's reasons for excluding three prospective white jurors during the first round of jury selection *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). While a trial court is generally in the best position to evaluate whether a racially neutral explanation for the exercise of a peremptory challenge is pretextual *(see, Hernandez v New York,* 500 US 352; *People v Dixon,* 202 AD2d 12), under the circumstances of this case, we agree with the defendant's contention that the defense counsel's explanation with regard to at least one of the jurors in question was not pretextual. Because of our determination, we need not decide whether the reasons proffered by the defense counsel with regard to the two other white jurors were pretextual *(see generally, People v Benson,* 184 AD2d 517).

In light of our determination, we do not reach the defendant's remaining contentions. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.