■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JACKSON, Appellant. [623 NYS2d 881] —Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered June 18, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a predicate felony offender, to concurrent terms of 5 to 10 years and 3½ to 7 years, respectively, unanimously reversed, on the law, the conviction vacated, and the matter remanded for a new trial.

Four African-American women were impanelled at one point during the jury selection process in defendant's trial. Defendant is an African-American male. The People exercised peremptory challenges against three of the four potential jurors, the unchallenged woman being a civilian employed by the police department. Defense counsel immediately objected pursuant to *Batson v Kentucky* (476 US 79).

*Batson (supra,* at 96-98) sets out a three-step inquiry when the issue of racially-biased use of peremptory challenges is asserted. First, defendant must make a prima facie showing that the prosecutor exercised peremptory challenges on a racial basis. Second, if defendant makes his showing, the burden shifts to the prosecution to articulate a race-neutral explanation for striking the objectionable jurors. Third, the court must determine whether defendant was able to prove purposeful discrimination.

The reason submitted by a prosecutor for a peremptory challenge need not rise to the level of a challenge for cause *(Batson v Kentucky; supra,* at 97), but where the evidence indicates possible discriminatory intent, such as a pattern of challenges seeking to exclude a racial group *(People v Jenkins,* 75 NY2d 550, 556), the People must state on the record a sufficient race-neutral explanation.

We find that the defense successfully made its prima facie showing in the three instances at issue here. However, in two

of the three instances, the People's allegedly race-neutral explanations for their exercise of peremptory challenges were nothing more than a pretext for discrimination and a violation of the Equal Protection Clause, thus necessitating a new trial *(see, People v Bolling,* 79 NY2d 317, 321, quoting *People v Jenkins,* 75 NY2d 550, 559, *supra).*

The People challenged one of the two jurors on the basis that the prosecutor did not "feel comfortable" with her and because she worked as a counselor who assisted the unemployed in finding jobs; since defendant was unemployed, she might be unduly sympathetic towards him. However, these arguments are undermined, in the first instance by vagueness *(United States v Horsley,* 864 F2d 1543, 1546; *Batson v Kentucky, supra,* at 98), and in the second instance by the absence of evidence that the juror would not be impartial, that defendant's employment status would be introduced into the case, or that such status related to the specific circumstances of the case *(People v Bennett,* 206 AD2d 382; *People v Williams,* 199 AD2d 445, 446, *lv denied* 83 NY2d 916; *People v Duncan,* 177 AD2d 187, 194, *lv denied* 79 NY2d 1048).

A second juror was excluded because the prosecutor also allegedly felt "uncomfortable" with her, felt that she would not be a good juror since she had been previously dismissed from other venires on civil cases, and "the fact that she has never sat before and has always had an expectation of not sitting". These arguments were totally unsupported, for the reasons noted above in *Horsley (supra),* and also since it was never stated why the juror had been dismissed from or was not selected for those previous civil panels, and why she would not be impartial or was unqualified. The only reasonable inference that could be drawn from the prosecutor's explanation was that the juror's exclusion was based on a discriminatory pretext *(see, People v Peart,* 197 AD2d 599, 600). Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.