■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ALSTON, Appellant. [625 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered November 19, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant contends that he was deprived of his right to exercise peremptory challenges because the Supreme Court rejected defense counsel's reasons for excluding two prospective white jurors during the first round of jury selection and ultimately seated those two jurors. The defendant contends that the prosecutor failed to establish a prima facie case of purposeful racial discrimination when he argued that defense counsel had exercised six of his seven peremptory challenges against prospective white jurors during the first round of jury selection, thereby striking all but one of the white members of the venire. This contention is unpreserved for appellate review because "defense counsel proffered race neutral explanations for his exercise of peremptory challenges without disputing the issue of whether a prima facie case of racial discrimination had been established, and the court ruled on the

validity of the defense explanations" *(People v Thomas,* 210 AD2d 515).

Turning to the validity of defense counsel's explanations, defense counsel stated that he was challenging prospective juror Levin because Levin's bicycle had been stolen from him. Defense counsel explained that he "was not comfortable having someone who had a bike stolen sit on a case where the allegations are that [his] client [had stolen] a bike." The trial court disallowed the challenge, which it characterized as racist, because the bicycle theft to which Levin referred had occurred years ago, had not involved violence, and because Levin stated that he had no feelings against the individual responsible for the theft. While a trial court is generally in the best position to evaluate whether a racially neutral explanation for the exercise of a peremptory challenge is pretextual *(see, Hernandez v New York,* 500 US 352; *People v Dixon,* 202 AD2d 12), we agree with the defendant that defense counsel's explanation in this case was improperly rejected by the trial court. Defense counsel's explanation that Levin had been a crime victim was not pretextual on its face *(People v Dixon, supra,* at 18; *see, People v Brown,* 212 AD2d 539; *People v Jupiter,* 210 AD2d 431), and it was related to the factual circumstances of the case *(see, People v Martinez,* 207 AD2d 807; *People v Williams,* 199 AD2d 445). Moreover, defense counsel's peremptory challenges of Levin and other prospective jurors on the ground that they had been the victims of crimes were not applied in a discriminatory manner *(see, People v Dixon,* 202 AD2d 12, *supra,* at 18). Thus, the defendant is entitled to a new trial.

In light of our determination, we need not decide whether the reasons proffered by defense counsel with regard to the other white juror who was seated over his objection were pretextual *(see, People v Brown, supra; People v Benson,* 184 AD2d 517).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.