THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TORRES, Appellant. [628 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 22, 1993, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of the defendant's prior arrest for drug-related offenses was improperly admitted by the trial court under the identity and common-scheme-or-plan exceptions to the rule enunciated in *People v Molineux* (168 NY 264). The defendant's identity was conclusively established at trial, and the method of committing the crime was not sufficiently unique to qualify as proof of a common scheme or plan *(see, People v Ortiz,* 156 AD2d 77; *see generally, People v Allweiss,* 48 NY2d 40). Accordingly, the prejudicial effect of the evidence of the defendant's prior arrest outweighed its probative value. However, under the facts of this case, we find that the error is harmless *(see, People v Crimmins,* 36 NY2d 230).

Contrary to the defendant's contention, the record demonstrates that the defendant was not deprived of his right to effectively cross-examine a police officer who testified at trial.

We have considered the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.