■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MCMICHAEL, Appellant. [630 NYS2d 360] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 4, 1993, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, attempted robbery in the first degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

We find that a new trial is necessary because the prosecutor exercised peremptory challenges in a discriminatory manner *(see, Batson v Kentucky,* 476 US 79) and, under the totality of the circumstances, the proffered explanations for excluding two potential black jurors were pretextual *(see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *People v Peart,* 197 AD2d 599, 600).

The reasons advanced by the prosecutor for removing one potential black juror were that the juror was allegedly too old at age 56, unemployed, and gave an answer to a question involving misidentification which the prosecutor "didn't like". Similarly, the prosecutor "didn't like" a second potential black juror because he was allegedly too young at age 24, single, and had an eighteen-month old baby.

The defendant met his burden of establishing that the prosecutor's explanations were pretextual in that she failed to relate her concerns regarding age, employment status, marital status, or parental status to the facts of this case, and failed to indicate how the first potential juror's answer to her question on misidentification was inappropriate *(see, People v Allen,* 86 NY2d 101; *Batson v Kentucky, supra; People v Williams,* 199

AD2d 445, 446; *compare, United States v Davis,* 871 F2d 71; *People v Barber,* 156 AD2d 1022). Accordingly, a new trial is required *(see, People v Peart, supra,* at 600; *People v Brown,* 193 AD2d 611, 612).

We also find that the trial court erred in permitting the People to elicit testimony that the defendant had robbed one of the victims on three prior occasions. The People failed to establish that this evidence was admissible pursuant to *People v Molineux* (168 NY 264) *(see also, People v Robinson,* 68 NY2d 541, 547-548; *People v Allweiss,* 48 NY2d 40). However, this error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Torres,* 215 AD2d 702).

We have reviewed the defendant's remaining contentions, including his challenge to the admission of a tape of a 911 telephone call into evidence, and find them to be either academic, unpreserved for appellate review, or without merit *(see,* CPL 470.05 [2]; *People v Brown,* 80 NY2d 729, 732-735). Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.