■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JONES, Appellant. [636 NYS2d 382] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 16, 1993, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSLOW JONES, Appellant. [636 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 23, 1994, convicting him of grand larceny in the fourth degree, possession of burglar's tools, and jostling, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During jury selection, the prosecutor exercised peremptory challenges to strike three black panelists. The defense counsel raised a challenge under *Batson v Kentucky* (476 US 79), and the prosecutor provided explanations for the peremptory challenges. On appeal, the defendant claims that his equal protection rights were violated when the trial court accepted the prosecution's pretextual explanation for striking one of these prospective jurors (no issue has been raised with respect to the other two panelists). We agree.

In determining whether a party has exercised peremptory challenges to strike potential jurors for reasons that implicate equal protection concerns, the court must engage in a three-step process: "First, the defendant must allege sufficient facts to raise an inference that the prosecution has exercised peremptory challenges for discriminatory purposes. Second, if the requisite showing has been made, the burden shifts to the prosecution to articulate a neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the proffered reasons are pretextual" *(People v Allen,* 86 NY2d 101, 104).

Here, we are not concerned with the first step of the process *(see, People v Payne,* 213 AD2d 565) but, rather, with the second and third steps. The second step "is met by offering any facially neutral reason for the challenge—even if that reason is ill-founded—so long as the reason does not violate equal protection" *(People v Allen, supra,* at 109).

In this case, the reasons given by the prosecutor for removing one potential black juror were that she was retired, had been employed as a nurse's assistant, resided in an area with a high crime rate, was separated, and rented her home. " ' "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral" ' " *(see, People v Allen, supra,* at 110, quoting *Purkett v Elem,* 514 US —, —, 115 S Ct 1769, 1771). On their face, the reasons proffered by the prosecutor were sufficient to meet her burden under step two of the process.

Where, as here, the defendant, at trial, challenges those reasons as being pretextual, the process moves to step three, and the question of whether the prosecutor intended to discriminate becomes a question of fact *(see, People v Allen, supra,* at 110). Although a person's employment status, residence or marital status may, in an appropriate case, constitute legitimate race-neutral reasons for striking a potential juror, the concerns regarding those factors must somehow be related to the factual circumstances of the case and the qualifications of

the juror to serve on that case *(see, People v Richie,* 217 AD2d 84; *People v McMichael,* 218 AD2d 671; *People v Jackson,* 213 AD2d 335; *People v Bennett,* 206 AD2d 382; *People v Williams,* 199 AD2d 445; *United States v Bishop,* 959 F2d 820).

Since the prosecutor herein failed to relate her concerns regarding employment status, residence and marital status to the facts of this case and to the qualifications of the juror to serve on the case, she failed to satisfy the People's burden of overcoming the presumption of discrimination, and, therefore, a new trial is required *(see, People v Richie, supra).* Balletta, J. P., Ritter, Thompson and Florio, JJ., concur.