■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUDD, Appellant. [639 NYS2d 455]

After the trial court found that the prosecutor had established a prima facie case of racial discrimination by the defense

counsel in his exercise of peremptory challenges, the court asked counsel to explain his challenges to several prospective jurors. With respect to prospective juror number five in the first round of jury selection, the defense counsel explained that he was a security guard. The court concluded that the defense counsel had failed to give a nonpretextual, racially neutral explanation for his challenge to prospective juror number five and seated that prospective juror.

The explanation proffered by the defense counsel was a facially neutral reason sufficient to rebut the People's prima facie showing of discrimination *(see, People v Allen,* 86 NY2d 101, 109-110). The burden of going forward then shifted to the People, who did not prove that the peremptory challenge was racially motivated. Therefore, the trial court erred by rejecting the defense counsel's explanation as pretextual *(see, People v Richie,* 217 AD2d 84).

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions regarding his conviction under Indictment No. 2974/92.

As part of a negotiated plea agreement, the minimum sentence authorized by law was imposed upon the defendant's conviction under Indictment No. 3040/92. That sentence is not excessive *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Rosenblatt, Thompson, Altman and Friedmann, JJ., concur.