■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIN HOBBS, Appellant. [653 NYS2d 1000] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: There is no merit to the contention that statements made by defendant to police were obtained in violation of his Sixth Amendment right to counsel. Although defendant's father telephoned an attorney at approximately the same time that defendant gave his first statement to the police, the attorney merely stated to defendant's father that he would look into the matter in the morning. Defendant was not in custody, and there is no evidence that he had retained an attorney at the time of questioning or manifested a "belief that he was unable to deal with the coercive power of the authorities without legal assistance" (*People v West*, 81 NY2d 370, 375; *see, People v Skinner*, 52 NY2d 24). We conclude that the phone call made by defendant's father to the attorney, without defendant's knowledge, was not an invocation by defendant of his right to counsel (*cf., People v Ellis*, 58 NY2d 748, 750) and did not create an "indelible attachment of the right to counsel by actual representation in the matter at issue" (*People v West, supra*, at 374; *see, People v Cameron*, 167 Misc 2d 61, 69).

We conclude, however, that reversal is necessary because the prosecutor exercised a peremptory challenge in a discriminatory manner (*see, Batson v Kentucky*, 476 US 79), and in our view the proffered explanation for excluding an Hispanic pro-

spective juror was pretextual (*see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352). The prosecutor stated that he removed the Hispanic prospective juror because he failed to provide a sufficient explanation concerning how he would determine which witnesses he believed. The prosecutor had repeatedly asked the prospective juror, "How are you going to determine who you believe?" and "How were *[sic]* you going to determine if they tell the truth?" The prospective juror stated that he would make those determinations "by the evidence" and promised to do the best that he could to make those determinations. The prosecutor did not pose those questions to any other prospective jurors.

The prosecutor failed to indicate how the prospective juror's explanation was insufficient. Thus, although the prosecutor's reason for the challenge may "appear facially race-neutral", we conclude that it was pretextual and reversal of the conviction is required (*People v Payne,* 88 NY2d 172, 181; *see, People v McMichael,* 218 AD2d 671; *People v Duncan,* 177 AD2d 187, 195, *lv denied* 79 NY2d 1048). Inasmuch as defendant was acquitted of manslaughter in the first degree under count one of the indictment and was convicted of the lesser included offense of manslaughter in the second degree, the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.