■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIANG JUN YING, Appellant. [654 NYS2d 389] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 13, 1994, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, and a new trial is ordered, to be preceded by a new *Wade/Dunaway* hearing.

During the first round of voir dire, the prosecutor peremptorily challenged the only member of the venire who was from an Asian background. The defense raised a *Batson* challenge, and the court found that the defense made a prima facie showing of purposeful discrimination by the People. While the prosecutor initially opposed this finding, she abandoned her objection and volunteered her facially race-neutral explanation, thereby rendering the issue of whether the defense counsel had established a prima facie case of discrimination academic (*see, Hernandez v New York,* 500 US 352, 359; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485). Thus, the issue before this Court, undertaken in the third stage of *Batson* analysis, is whether the trial court erred in finding that the explanation offered by the prosecutor for challenging the juror was not pretextual.

Within the third stage of the *Batson* analysis, the trial court must determine whether the opponent of the challenge has carried its burden of proving purposeful discrimination (*see, Purkett v Elem,* 514 US 765, 768) by undertaking " 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available' " (*Batson v Kentucky,* 476 US 79, 93, quoting *Arlington Hgts. v Metropolitan Hous. Dev. Corp.,* 429 US 252, 266), weighing all relevant facts and circumstances, and determining whether the racially neutral explanation offered in support of the challenge constitutes the actual ground for the challenge or is merely a pretext offered in an effort to conceal a racially discriminatory intent (*see, People v Hernan-*

*dez,* 75 NY2d 350, 359-360). It is at this stage of the analysis that "implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination" (*Purkett v Elem,* 514 US 765, 768, *supra*). While the prosecutor's explanations that she challenged the juror because she failed to make eye contact during questioning and because she did not believe that the woman could be a fair juror were facially neutral, we find that they were pretextual. The prosecutor only asked two questions of this potential juror, neither of which related to her ability to be a fair juror. When pressed, the prosecutor explained that she based her decision on a "feeling". Since the explanations did not relate to the facts of the case, the prosecutor only conducted a cursory inquiry of this juror, and the reasons appeared to be purely intuitive rather than based on hard evidence, we find that the court should not have removed the juror.

We also conclude that prior to the new trial there should be a new *Wade/Dunaway* hearing inasmuch as the prosecution, prior to the hearing, failed to make the defendant aware of the terms of a "cooperation agreement" with the witness Harold Gross (*see, People v Novoa,* 70 NY2d 490) notwithstanding that Gross's subsequent testimony at the trial revealed that promises of leniency were made to him on the day of his arrest (*see, People v Antelmi,* 187 AD2d 601; *see also, People v Johnson,* 191 AD2d 709). It was revealed at trial that the police had questioned Gross's friend and that the friend spoke with Gross about the defendant prior to Gross's interview with the police, when the police showed a photograph of the defendant to Gross. This information also should have been made available to the defendant prior to the pretrial hearing.

In light of our determination, we need not reach the defendant's remaining contentions. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.