■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GAINES, Appellant. [655 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 29, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

During the last round of jury selection, the prosecutor peremptorily challenged two black women who were on the panel of prospective jurors. The defendant made a motion pursuant to *Batson v Kentucky* (476 US 79), claiming that the prosecutor was excluding black women from the jury.

The method for determining whether or not peremptory challenges to potential jurors have raised constitutional questions based on equal protection is a three-step process. Initially, the party that raises the objection must make a prima facie showing that the adverse counsel exercised his or her peremptory challenges in a purposefully discriminatory manner. After the movant has made a prima facie showing, the burden shifts to

the party who has challenged the prospective jurors to come forward with nondiscriminatory explanations for the challenges. The court must then determine whether the movant has carried his or her burden of proving purposeful discrimination (see, People v Garcia, 217 AD2d 119, 120-121; People v Richie, 217 AD2d 84, 85).

The record reveals that the prosecutor proffered racially-neutral explanations for her peremptory challenges without disputing the issue of whether a prima facie case had been established, and the court ruled on the validity of those explanations. Under these circumstances, the issue of whether the defendant made a prima facie showing is academic (see, People v Jones, 204 AD2d 485, citing Hernandez v New York, 500 US 352).

The reason proffered by the prosecutor for peremptorily challenging one of the women in question was not a legitimate, nondiscriminatory reason. Unless it is related to the facts of the case, the nature of a potential juror's employment or profession is not a legitimate reason to exclude her from the jury (see, People v Richie, supra, at 88; People v Stiff, 206 AD2d 235, 241, lv denied 85 NY2d 867, cert denied 516 US 832; People v Williams, 199 AD2d 445, 446). There is no evidence in the record that the woman's employment was somehow related to the facts of this case or that it would have affected her ability to be impartial.

In view of the foregoing, it is not necessary to reach the defendant's remaining contentions. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.