■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND MARTIN, Appellant. [654 NYS2d 821] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered August 8, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the trial court found that the prosecutor had established a prima facie case of racial discrimination by the defense counsel in his exercise of peremptory challenges, the court asked the defense counsel to explain his challenges. With respect to prospective juror number two in the third round of jury selection, the defense counsel explained that this juror's father was a Judge. The court seated that prospective juror.

The explanation proffered by the defense counsel was a facially-neutral reason sufficient to rebut the People's prima facie showing of discrimination (see, People v Allen, 86 NY2d 101). The burden of going forward then shifted to the People, who failed to prove that the peremptory challenge was racially motivated (see, People v Richie, 217 AD2d 84; People v Moore, 231 AD2d 532; People v Rudd, 225 AD2d 710). Accordingly, the judgment must be reversed.

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.