■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BLANCERO, Appellant. [660 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 26, 1996, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant that the prosecutor impermissibly used his peremptory challenges to exclude prospective jurors of Italian-American descent in violation of *Batson v Kentucky* (476 US 79; *see, Purkett v Elem,* 514 US 765; *People v Payne,* 88 NY2d 172; *People v Allen,* 86 NY2d 101; *People v McMichael,* 218 AD2d 671; *People v Richie,* 217 AD2d 84).

The reasons articulated by the prosecutor for challenging two of the subject jurors was their relationship to police officers. The prosecutor claimed that these individuals were challenged because the defendant, who was the executive director of an alternative high school for troubled children, purportedly had ties to various police officers and because certain officers knew and supported him. However, as the defense counsel pointed out in response, the prosecutor did not challenge other jurors with similar relationships to the police department (*see, People v Allen,* 86 NY2d 101, 110, *supra; People v Bolling,* 79 NY2d 317, 324; *People v Richie, supra*).

Moreover, the prosecutor challenged two other jurors of Italian descent because he "did not like" the answers they gave when he asked them whether they would be willing to give the "complainant a shot" although he had "certain things going against him". While admitting that one of these jurors "didn't say no, she wouldn't give him a shot", the prosecutor nevertheless stated that the juror's answer still "wasn't the answer I would have liked to hear" (*People v McMichael, supra; see also, People v Liang Jun Ying,* 236 AD2d 630). Upon our review of the prosecutor's statements, we find that the defendant carried his burden of demonstrating purposeful discrimination (*see, People v Liang Jun Ying, supra; People v Jones,* 223 AD2d 559; *cf., People v Gaines,* 237 AD2d 373).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.