■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MANDINGA, Appellant. [681 NYS2d 552] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 1, 1997, convicting him of unauthorized use of a vehicle in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the trial court found that the prosecutor had established a prima facie case of racial discrimination by the defense counsel in the exercise of peremptory challenges, the court asked counsel to explain her challenges with respect to several prospective jurors. With respect to a juror in the first round of jury selection, the defense counsel explained that the juror had been the victim of a car theft and the defense counsel was concerned about the juror's emotional response to the crimes at issue. The defense counsel also was not satisfied with the juror's response to her inquiry regarding the presumption of innocence. The trial court concluded that the explanation was pretextual and seated that prospective juror. The explanation offered by the defense counsel with respect to a juror challenged in the second round of jury selection was that the juror's home had previously been burglarized. The trial court found that this reason was pretextual because the defense had not challenged another juror whose son had been mugged 11 years prior to trial, when he was seven years old.

The explanations proffered by the defense counsel were facially neutral and were sufficient to rebut the People's prima facie showing of discrimination (see, People v Payne, 88 NY2d 172; People v Allen, 86 NY2d 101; People v Rudd, 225 AD2d 710). The People, who did not offer additional evidence of racial discrimination in the exercise of the defendant's peremptory challenges, failed to satisfy their burden of proving racial discrimination (see, People v Rudd, supra; People v Richie, 217 AD2d 84; People v Alston, 214 AD2d 746). Therefore, the trial court erred by rejecting the defense counsel's explanations as pretextual (see, People v Rudd, supra; People v Richie, supra; People v Alston, supra) and the defendant is entitled to a new trial. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.